### IN THE UNITED STATES DISTRICT COURT FOR THE
### MIDDLE DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | CASE NO: 1:05-cr-260-MHT |
| | ) | |
| LARRY EMERSON LEE | ) | |

**OPPOSITION TO REQUEST FOR CUSTODIAL COMPETENCY EVALUATION**[1]

**COMES NOW** Larry E. Lee, through undersigned counsel, Kevin L. Butler, and files this opposition to the government's request for a custodial competency/psychiatric evaluation. In support of this pleading the defense states:

1) Mr. Lee is charged with being a felon in possession of a firearm. He is presently on pretrial release pending trial. There have been no reported violations of the conditions of his pretrial release.[2]

2) The defense has timely notified the government that if this matter proceeds to trial, the defense may rely upon a defense of insanity. Additionally, if convicted of this offense, at sentencing, the defense may attempt to mitigate any punishment by presenting evidence regarding Mr. Lee's mental health. Both trial and sentencing arguments will revolve around Mr. Lee's diagnosis of profound combat-related posttraumatic stress disorder (PTSD).

---

[1] The defense does not oppose the government's request for an independent psychiatric examination as it is authorized under 18 U.S.C. § 4242. The defense opposes the government's request that the evaluation of Mr. Lee be conducted while he remain in the custody of the Attorney General.

[2] At the time this pleading was filed, Mr. Lee's supervising pretrial services officer, Brad Brockett, was unavailable. Undersigned counsel was informed by United States Probation Officer Jason Dillon that their computerized reporting system indicated that Mr. Lee has committed no violations of his pretrial release.

3) Though the defense is still exploring the exact nature of Mr. Lee's mental illness, the defense believes that Mr. Lee understands the nature of the proceeding and is able to assist counsel.

4) In order to address the viability of the defense's assertion that at the time of the offense Mr. Lee was suffering from a mental health defect which may mitigate guilt (or punishment), pursuant to 18 U.S.C. §§ 4242(a) and 4247(b), the government has sought an "in custody" psychiatric/competency evaluation of Mr. Lee.[3]

5) The defense opposes the request for an "in custody" evaluation.

6) Pursuant to 18 U.S.C. § 4247(b), when an individual informs the parties that he may rely upon a defense of insanity, upon motion by the government (or the court), the court has the discretion to commit a person to the custody of the Attorney General/Federal Bureau of Prison (BOP) for an evaluation.

7) Commitment to the BOP is not mandatory and the court has the authority to order the evaluation at a local facility or in some other manner. See In r. Newchurch, 807 F.2d 404 (5th Cir. 1986). In exercising its discretion, the court must weigh the defendant's right to individual liberty against the government's interest in rebutting the assertion of insanity taking into consideration all options available for a local evaluation. Id. If, the government requests an "in custody" evaluation, it must present evidence to the court why an "outpatient" evaluation is not sufficient. Id.

8) In this case, the government has presented no evidence why an "in custody" evaluation is necessary. Additionally it does not appear the government has conducted any review of the local "outpatient" facilities available.

---

[3] The government styles the motion "Motion for Mental Competency Examination." The defense does not believe the defendant's competence is at issue. The issue is Mr. Lee sanity at the time of the offense. See e.g. 18 U.S.C. § 4242.

9) Finally, it is the defense's position that given the present mental stability of Mr. Lee, an "in custody" evaluation may be harmful to Mr. Lee's mental health and (assuming there is some justification for "in custody" placement) therefore outweighs the government's interest in placing Mr. Lee in BOP custody.

WHEREFORE, the defense requests the Court enter an order denying the government's request for an "in custody" evaluation.

IN THE ALTERNATIVE, the defense requests the Court order the government to present evidence justifying the request for an in patient evaluation.

Dated this 27th day of July 2006.

Respectfully submitted,

s/ Kevin L. Butler
KEVIN L. BUTLER
First Assistant Federal Defender
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail: kevin_butler@fd.org
AZ Bar Code: 014138

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **V.** ) | **CASE NO: 1:05-cr-260-MHT** |
| ) | |
| **LARRY EMERSON LEE** ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on July 27, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: K. David Cooke, Assistant United States Attorney, One Court Square, Suite 201, Montgomery, Alabama 36104.

    s/ Kevin L. Butler
    KEVIN L. BUTLER
    First Assistant Federal Defender
    201 Monroe Street, Suite 407
    Montgomery, Alabama 36104
    Phone: (334) 834-2099
    Fax: (334) 834-0353
    E-mail: kevin_butler@fd.org
    AZ Bar Code: 014138